## Cowan *v.* Union Pac. Ry. Co.

*(Circuit Court, D. Colorado.* May 12, 1888 )

MASTER AND SERVANT—NEGLIGENCE OF MASTER—FAILURE TO FENCE RAILROAD TRACK.

Neither common nor statute law in Colorado require that a railroad company shall fence its track to prevent cattle from straying upon it. Hence, the company is not liable for the death of one of its engineers caused by a collision with cattle on the track.

At Law. Action for damages.   On demurrer to complaint.
*Browne & Putnam,* for plaintiff.
*Teller & Orahood,* for defendant.

BREWER, J.   In Cowan against the Union Pacific Railway Company is a demurrer to the complaint. The cause of action is, briefly, that the plaintiff's intestate was an engineer on the defendant's road, and while running a train, stray cattle jumped on the track, whereby the engine was thrown therefrom and he killed.   Neither common nor statute law in Colorado requires that a railroad company fence its track to prevent cattle straying upon it, and where there is no obligation there is no liability.   Counsel for plaintiff, in his brief, admits there is no authority sustaining this complaint, but insists that somebody must blaze the way, and we ought to.   It is sufficient reply to that that it is the duty of the law-making power—the legislature—to blaze the way.   The duty of the court is simply to walk *super antiquas vias.*   Many a case I decide one way when I should decide differently if I had authority to make as well as construe the law.   In the absence of any legislative action establishing a new rule, the only true way and rule for the court is to say *ita lex scripta est.*   The demurrer to the complaint will be sustained.   This is one of those cases whose pleading, I think, in the nature of things, cannot be changed so as to make a cause of action.